UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
ARISTOTLE DELPILAR, *pro se*,          :
                                        :
              Plaintiff,              :
                                        :
           -against-                   :    **SUMMARY ORDER**
                                        :    11-CV-4373 (DLI)(JMA)
METROPOLITAN DETENTION                  :
CENTER, Legal Department; BUREAU        :
OF PRISONS; HONORABLE GEORGE            :
DANIELS, U.S. District Court, Southern  :
District of New York,                   :
                                        :
              Defendants.             :
-------------------------------------------------------x

**DORA L. IRIZARRY, United States District Judge:**

    *Pro se* Plaintiff, who is currently incarcerated at the Metropolitan Detention Center ("MDC"), brings this complaint pursuant to 42 U.S.C. § 1983 against the MDC Legal Department, Bureau of Prisons ("BOP") and the Honorable George Daniels of the U.S. District Court of the Southern District of New York ("S.D.N.Y."), alleging that he was incarcerated beyond his lawful release date and seeking monetary compensation for those days that he was detained beyond his lawful release date. Plaintiff further alleges that Judge Daniels "failed to duly and timely sign off on the Judgment and Commitment Order following [Plaintiff's] sentencing . . . and BOP cannot complete its prompt sentence computation unless it receives the order from the Judge." (Compl. Affidavit at ¶ 2.)

    In reviewing plaintiff's complaint, the court is mindful that, "[a] document filed *pro se* is to be liberally construed and a *pro se* [pleading], however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Accordingly, the court interprets the complaint "to raise the strongest arguments that

[it] suggest[s]."  *Triestman v. Fed. Bureau of Prisons,* 470 F.3d 471, 474 (2d Cir. 2006) (emphasis omitted).

For the reasons set forth below, this action is transferred to the United States District Court for the S.D.N.Y. because, pursuant to 28 U.S.C. § 1391(b), a civil rights action may:

> be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same State, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Here, Plaintiff alleges that the events or omissions giving rise to his claim stem from errors relating to the Judgment and Commitment order issued by a judge of the S.D.N.Y.  Accordingly, the Clerk of the Court is directed to transfer this case to the United States District Court for the S.D.N.Y.  *See* 28 U.S.C. §§ 1391(b), 1406(a).  The provision of Rule 83.1 of the Local Rules of the Eastern District of New York which requires a seven-day delay is hereby waived.

SO ORDERED.

Dated: Brooklyn, New York
       November 10, 2011

/s/
DORA L. IRIZARRY
United States District Judge